UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/2011
```

-----------------------------------X

BOBBY HUGHLEY,                      :
                                    :
                 Petitioner,        :       11 Civ. 3805 (JFK)
                                    :
     -against-                      :       MEMORANDUM OPINION
                                    :            AND ORDER
UNITED STATES OF AMERICA,           :
                                    :
                 Respondent.        :
-----------------------------------X

JOHN F. KEENAN, United States District Judge:

     By Order dated August 18, 2011, the Court directed <u>pro se</u>

petitioner Bobby Hughley ("Petitioner"), to amend a submission

that the Court had construed as a petition for a writ of error

<u>coram nobis</u>, within sixty days of the date of that Order.  The

Court also dismissed Petitioner's claims for damages against the

United States.  At that time, the Court understood that the

principal relief sought by Petitioner was the setting aside of

his conviction in <u>United States v. Hughley</u>, No. 98 Cr. 695

(JFK).  On October 17, 2011, Petitioner filed an Amended

Complaint.[1]  In his Amended Complaint, Petitioner does not seek

to have the conviction mentioned above set aside.  Rather, he

seeks principally to challenge the Judgment of the Court with

regard to an employment discrimination action he filed on

_____

[1] The Court interprets the Respondent named in the Amended
Complaint, "United State American, See Attached Complaint 86 CV
8487," to be the United States of America.

November 5, 1986. Hughley v. United States Postal Serv., No. 86
Civ. 8487 (SWK).  For the following reasons, this action is
dismissed.

## I. Background

In his prior suit, Petitioner raised claims under Title VII
of the Civil Rights Act of 1964 and the Rehabilitation Act of
1973, alleging that he was dismissed from the United States
Postal Service (the "Postal Service") due to discrimination and,
while employed there, was denied the use of a medically
necessary orthopedic chair.  By its Memorandum and Order dated
March 5, 1992, the Court granted the Postal Service's motion to
dismiss that action for lack of subject matter jurisdiction and
for failure to state a claim on which relief may be granted,
Hughley, No. 86 Civ. 8487 (SWK), 1992 WL 51495 (S.D.N.Y. Mar. 5,
1992), and a judgment of dismissal was entered on March 18, 1992
(the "March 1992 Judgment").  Petitioner appealed, and the
United States Court of Appeals for the Second Circuit affirmed
the dismissal. See Hughley v. the Postal Service, No. 92-6138,
993 F.2d 1532 (2d Cir. 1993) (unpublished table decision).

In his Amended Complaint, Petitioner again raises claims of
discrimination in regard to his employment and the termination
of his employment with the Postal Service.  Petitioner also
requests the disclosure of certain documents by the Postal

Service pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## II. Legal Standard

The Court is required to dismiss any in forma pauperis complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).  While the law authorizes dismissal on any of these grounds, federal courts "remain obligated to construe a pro se complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (citing Erickson v. Pardus, 551 U.S. 89 (2007)).  Thus, pro se complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475-76 (2d Cir. 2006) (quotations omitted).

## III. Discussion

### A.   Preclusive Effect of the March 1992 Judgment

Under federal common law, two complementary doctrines define the preclusive effect of federal court judgments:  claim preclusion and issue preclusion. Taylor v. Sturgell, 553 U.S. 880, 892 (2008); Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001).  The form of preclusion relevant here--

-3-

issue preclusion--bars the relitigation "of an issue of fact or
law actually litigated and resolved in a valid court
determination essential to the prior judgment." Sturgell, 553
U.S. at 892 (quoting New Hampshire v. Maine, 532 U.S. 742, 748
(2001)).  In keeping with the fundamental principles of fairness
and due process, issue preclusion applies only against a party
to the prior litigation. See Montana v. United States, 440 U.S.
147, 153 (1979).

     In pursuing the instant action, Petitioner's express
purpose is to revive a prior action that was dismissed because
one of his claims was deemed moot and the others could not be
maintained in light of Petitioner's failure to exhaust his
administrative remedies. Hughley, 1992 WL 51495, at *5.  The
Amended Complaint contains numerous references to the prior
action.  In fact, the "Statement of Claim," "Injuries," and
"Remedies" sections of the Amended Complaint consist solely of
references to the docket number of the prior action.  The March
1992 Judgment precludes any relitigation of the threshold issues
of justiciability and subject matter jurisdiction previously
determined by the Court, and these jurisdictional defects bar
Petitioner's claims in the Amended Complaint.  Therefore, to the
extent Petitioner claims he was subjected to racial
discrimination or unfair deprivation of the use of medical

equipment while he was employed by the Postal Service, the March 1992 Judgment requires dismissal of this action.

**B.    FOIA Request**

One claim included in the Amended Complaint--Petitioner's FOIA request--is not barred by the March 1992 Judgment but nonetheless suffers from a fatal procedural defect.  One seeking to compel a federal agency to comply with FOIA must first make a FOIA request with that agency and receive an unsatisfactory response. See 5 U.S.C. §§ 552(a)(4)(B).  As Petitioner has not indicated that the Postal Service or any of its employees improperly denied him access to the information he has requested, this claim must also be denied.

## IV. Conclusion

This action, filed in forma pauperis under 28 U.S.C. § 1915(a)(1), is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:      New York, New York
            December 2 , 2011

                                        JOHN F. KEENAN
                              United States District Judge